# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1169V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *          Special Master Corcoran
                                          *
RAMONA KNORR,                             *
                                          *
                    Petitioner,           *          Filed: December 11, 2017
                                          *
          v.                              *          Interim Expert Costs
                                          *
SECRETARY OF HEALTH                       *
AND HUMAN SERVICES,                       *
                                          *
                    Respondent.           *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Michael McLaren,* Black McLaren Jones Ryland & Griffee, Memphis, TN, for Petitioner.

*Kathryn Robinette,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING INTERIM AWARD OF EXPERT COSTS[1]

On October 9, 2015, Ramona Knorr filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that she suffered from several injuries, including hearing loss, vasculitis, ANCA-positive microscopic polyangiitis with renal failure, and polyneuropathy as a result of receiving the influenza vaccine on November 7, 2012, and October 8, 2013. An entitlement hearing was held on October 26-27, 2017.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Last spring, Petitioner requested an interim award of attorney's fees and costs, and I issued a decision making a partial award of the sums requested. *See Knorr v. Sec'y of Health & Human Servs.,* No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). Specifically, I granted attorney's fees and litigation costs incurred up to the time the interim request was made, but deferred determination of awarding expert costs of approximately $16,000.00 until after hearing. *Knorr,* 2017 WL 2461375, at *4.

Petitioner has now renewed that portion of her prior request. She asks for expert costs in the total sum of $35,066.74 for the services of Dr. Eric Gershwin. Interim Expert Expenses Request, dated December 7, 2017 (ECF No. 58), at 3. This sum includes the amounts previously incurred for Dr. Gershwin's time, plus his time at the October entitlement hearing, along with travel costs and other incidental expenses. The rate sought for Dr. Gershwin's time is consistent with what was requested in the earlier interim fees request. The next day, Respondent filed a reaction to the interim request, taking no position as to the propriety of the request, and otherwise deferring resolution of it to my discretion. Response, dated December 8, 2017 (ECF No. 59).

Having had the opportunity to hear Dr. Gershwin at hearing, I find that his testimony had utility and will aid my resolution of the claim. I also find that the sums requested are reasonable, and I identify no areas requiring adjustment.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I GRANT Petitioner's Motion for Interim Expert Costs, and award a total of **$35,066.74**, in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Michael G. McLaren, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of this decision.[3]

IT IS SO ORDERED.

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.